**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROXANNE SHUPE,

                Plaintiff,

vs.                                      Case No.  3:12-cv-1148-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

**OPINION AND ORDER**[2]

**I.  Status**

Roxanne Shupe ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of back problems, arthritis, cancer, high blood pressure, and depression. See Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed December 20, 2012, at 54, 118. On February 20, 2009, Plaintiff filed an application for SSI, alleging an onset disability date of March 24, 2008. Tr.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed December 21, 2012; Reference Order (Doc. No. 16), entered January 2, 2013.

at 100-03.[3]  Plaintiff's application was denied initially, see Tr. at 68, 71-73, 75-78, and was denied upon reconsideration, see Tr. at 69-70, 79-80.

On April 22, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, Plaintiff's husband, and a vocational expert ("VE") testified. Tr. at 36-65. At the time of the hearing, Plaintiff was fifty-four (54) years old. Tr. at 48 (indicating Plaintiff's date of birth). The ALJ issued a Decision on June 16, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 22-31. The Appeals Council received additional medical evidence, Tr. at 4-5, and denied Plaintiff's request for review on September 25, 2012, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On October 19, 2012, Plaintiff commenced this action under 42 U.S.C. § 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.[4]

Plaintiff raises two issues on appeal. See Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Shupe's Supplemental Security Income (Doc. No. 18; "Pl.'s Mem."), filed February 19, 2013. First, Plaintiff contends that the ALJ's reliance on the VE's testimony is flawed because the VE's testimony was based on a hypothetical posed by the ALJ that did not include all of Plaintiff's limitations, specifically her mental limitations. See id. at 1, 10-13. Second, Plaintiff argues the ALJ erred by rejecting, without any explanation, her contention that she uses a cane to ambulate. See id. at 1, 13-

---

[3]  The administrative transcript also contains an application for disability insurance benefits filed on the same date as the SSI application, Tr. at 96-99, but Plaintiff only proceeded with the SSI claim, Tr. at 41. 22; see also Complaint (Doc. No. 1).

[4]  Plaintiff represented herself before the ALJ, Tr. at 38-40, but she is represented by counsel in this Court.

14. Plaintiff contends in this regard that the VE testified she could not perform any work using a cane. Pl.'s Mem. at 13.

Defendant responded to Plaintiff's arguments on April 22, 2013 by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem."). Defendant concedes error on the part of the ALJ with respect to the first issue but argues the error is harmless. See id. at 7-9. Regarding the second issue, Defendant contends the evidence does not support Plaintiff's allegation that she needs a cane, id. at 9-12, and even if she does, according to Defendant, "the VE's testimony does not establish that if Plaintiff needed a cane to ambulate she could not perform the jobs the VE identified," id. at 10.[5]

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds the ALJ committed reversible error in posing the hypothetical to the VE; therefore, this matter is due to be reversed and remanded to repose the hypothetical. In addition, the ALJ shall clarify whether Plaintiff's allegation that she needs a cane to walk is accepted, and clarify whether Plaintiff can perform any work using the cane.

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[5] Plaintiff desires oral argument, see Pl.'s Mem. at 1, and Defendant contends argument is not necessary, see Def.'s Mem. at 1. The undersigned finds that argument is unnecessary to resolve the issues raised in this appeal.

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 24-31. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since February 19, 2009, the application date." Tr. at 24 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: generalized arthritis, high blood pressure, history of breast cancer, insulin dependent diabetes mellitus, and affective disorders." Tr. at 24 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff can] perform less than a full range of light work as defined in 20 CFR [§] 416.967(b) except with a need to change positions between sitting and standing at will; no more than frequent reaching/handling; no more than occasional climbing ramps/stairs, balancing, stooping, kneeling; no crouching, no crawling, no climbing of ladders, ropes and scaffolds; no concentrated exposure to hazards, such as machinery, or heights; no concentrated exposure to extreme cold, humidity, and vibration; no more than simple, routine, repetitive tasks.

Tr. at 25 (emphasis and citation omitted).  At step four, the ALJ found Plaintiff "has no past relevant work."  Tr. at 30.  At step five, after considering Plaintiff's age, education (high school), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 30 (emphasis and citation omitted), including "toll collector" and "garage cashier," Tr. at 31.  The ALJ concluded that Plaintiff "has not been under a disability . . . since February 19, 2009[.]" Tr. at 31 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th

Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises two (2) issues on appeal. Each is addressed in turn.

### A. Lack of Mental Limitations in Hypothetical

Plaintiff's first issue focuses on the ALJ's failure to include her mental limitations in the hypothetical presented to the VE. In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted). In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781,

785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

As previously summarized, the RFC in the ALJ's written Decision included the following: "[N]o more than simple, routine, repetitive tasks." Tr. at 25. This was an apparent attempt to account for limitations resulting from Plaintiff's mental impairments, impairments for which the ALJ recognized Plaintiff had mild difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace. Tr. at 25. At the hearing, however, the ALJ omitted any reference to the simple routine repetitive tasks when presenting a hypothetical to the VE:

> [A]ssume an individual closely approaching advanced age, with a high school education and this individual is restricted to light work, except with no more than frequent reaching and handling; no more than occasional climbing of ramps and stairs, balancing, stooping and kneeling; no crouching, no crawling; no climbing of ladders, ropes and scaffolds; no concentrated exposure to hazards and no concentrated exposure to extreme cold, humidity and vibrations.
> . . .
>
> [A]ssume the individual is further restricted and needs to have the opportunity to change positions between sitting and standing at will . . . .

Tr. at 62-63. In response, the VE opined that Plaintiff would be able to perform the jobs of toll collector and garage cashier. Tr. at 63.

Given that the ALJ failed to include in the hypothetical limitations that result from Plaintiff's mental impairments, the VE's testimony cannot constitute substantial evidence to uphold the ALJ's determination regarding the type of work Plaintiff can perform. See Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229). Thus, the matter must be reversed and remanded for the ALJ to repose the hypothetical to the VE. On remand, the ALJ shall ensure compliance with the precedent of the United States Court of Appeals for the Eleventh Circuit concerning the inclusion of mental limitations in a hypothetical. See, e.g., Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011).

### B. Plaintiff's Use of a Cane

Plaintiff next argues that she needs a cane to ambulate, that the VE precluded any work based on a need for a cane, and that the ALJ rejected without explanation her allegation that she needs a cane. At the hearing, after Plaintiff testified she had been using a cane that was prescribed nine years prior to the hearing, Tr. at 49-50, the following exchange occurred between the ALJ and the VE after the ALJ presented the hypothetical summarized above:

> Q   Okay. If that same person is further limited and needs to use a handheld assistive device for any walking would that person still be able to perform those jobs?
> A   They could perform the job, Your Honor, at the workstation but there, there are some walking requirements to get to the workstation, especially at the toll collecting position.
> Q   Okay. Could they do that with a handheld assistive device or is there something they need to carry?
> A   Well, no, they, they carry change or small bags of change so they'd probably have difficulty in that position. And as well as the parking garage cashier. So, I, I would say that would be difficult for them to work in those areas with the additional limitation that you gave me.
> Q   Okay, is there anything else that that person would be able to do?
> A   No, I couldn't - -

    Q    Okay, all right. . . .

Tr. at 63-64.  Plaintiff contends this exchange means she is unable to perform work.  Pl.'s Mem. at 13.  Defendant to the contrary argues that "the VE's testimony does not establish that Plaintiff would be unable to perform any work if she required an assistive device for walking."  Def.'s Mem. at 10 (citing Tr. at 63-64).  Given the parties' different interpretations of what the exchange means and the ALJ's election not to discuss in the written Decision whether she accepts Plaintiff's contention that she needs a cane to walk, see Tr. at 22-31, on remand, the ALJ shall clarify whether Plaintiff's allegation that she needs a cane is accepted, and clarify with the VE whether Plaintiff can perform any work using the cane.

### V. Conclusion

Upon review, the ALJ's Decision is due to be reversed and remanded for the reasons stated herein.  Accordingly, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A)    Repose the hypothetical to the VE, specifically as it relates to Plaintiff's mental impairments, ensuring compliance with the precedent of the United States Court of Appeals for the Eleventh Circuit concerning the inclusion of mental limitations in a hypothetical;

      (B)      Clarify whether Plaintiff's allegation that she needs a cane is accepted, and clarify with the VE whether Plaintiff can perform any work using a cane; and

      (C)      Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

3.    In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 27, 2013.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record